LANE ET AL., APPELLANTS, *v.* GRANGE MUTUAL COMPANIES, APPELLEE.

[Cite as Lane *v.* Grange Mut. Cos. (1989), 45 Ohio St. 3d 63.]

(No. 88-949—Submitted April 27, 1989—Decided August 16, 1989.)

*Wolske & Blue, Jason A. Blue* and *Michael S. Miller,* for appellants.

*Sheppard & Bale, Alan Wayne Sheppard* and *David G. Bale,* for appellee.

H. BROWN, J. An action on a contract is subject to a fifteen-year statute of limitations. R.C. 2305.06. However, an insurance policy may limit the time for an action on the contract to less than fifteen years if a reasonable time for suit is provided. *Colvin* v. *Globe American Cas. Co.* (1982), 69 Ohio St. 2d 293, 23 O.O. 3d 281, 432 N.E. 2d 167; *Duriak* v. *Globe American Cas. Co.* (1986), 28 Ohio St. 3d 70, 28 OBR 168, 502 N.E. 2d 620, reaffirming *Colvin.*

To reduce the time for suit provided by the statute of limitations, an insurance policy must be written in terms that are clear and unambiguous to the policyholder. *Colvin, supra; Duriak, supra.* The Grange policy does not meet this standard. The policy states that action against Grange must be brought "within the time period allowed by the applicable statute of limitations for bodily injury or death actions in the state where the accident occurred." Unlike the policies in *Colvin, supra,* and *Duriak, supra,* the Grange policy does not tell its policyholders the amount of time available for commencement of an action.[1] One lacking knowledge of the Ohio Revised Code would not know that, generally, an action for bodily injury must be commenced within two years.

Even worse, reference to "the applicable statute of limitations" does not identify a precise time period. Interpretation of statutes of limitations can be difficult. Among the questions raised are: (1) which of two or more conflicting statutory periods is applicable? (2) when does the applicable period commence to run? and (3) when is the running of the time period tolled? To resolve these questions, the layman needs an attorney.[2] *Grange Mut. Cas. Co.* v. *Fodor* (1984), 21 Ohio App. 3d 258, 262, 21 OBR 302, 306, 487 N.E. 2d 571, 575.

Even with legal assistance, the time period specified by Condition 10 is uncertain. Condition 10 does not identify the point at which the limitations period begins to run. Grange contends the time runs from the date of the accident. The Lanes contend the time commences when the insured discovers the tortfeasor's underinsured status or,

---

[1] While seeking recovery from the tortfeasor, an insured who cannot understand the time limitation in his policy may unwittingly allow the time to pass for filing an underinsured motorist claim against his insurance carrier. This danger is increased by our decision in *Colvin* allowing the insurance contract to limit the time in which the insured can initiate an action against the insurer to one year.

[2] It is not desirable to force a policyholder to retain counsel in order to avoid statute of limitations problems. *Kunz* v. *Buckeye Union Ins. Co.* (1982), 1 Ohio St. 3d 79, 82, 1 OBR 117, 119, 437 N.E. 2d 1194, 1197.

possibly, when the insurer denies a claim for coverage.

The Ohio statute of limitations for bodily injury, R.C. 2305.10, provides that "[a]n action for bodily injury * * * shall be brought within two years after the cause thereof arose. * * *" A cause of action ordinarily accrues, and the limitations period begins to run, when the violation giving rise to liability occurs. *Zion Nursing Home, Inc.* v. *Creasy* (1983), 6 Ohio St. 3d 221, 224, 6 OBR 293, 295, 452 N.E. 2d 1272, 1275; *O'Stricker* v. *Jim Walter Corp.* (1983), 4 Ohio St. 3d 84, 87, 4 OBR 335, 337, 447 N.E. 2d 727, 730. But what is the violation? Is it the tortfeasor's negligence or is it the insurer's failure to provide coverage? Neither the policy nor R.C. 2305.10 provides an answer to this critical question. The problem results from the insurance company's attempt to apply a statute of limitations designed for torts to limit the period for suit on a contract.

In addition, Condition 10 breeds ambiguity with respect to nonbodily injury claims such as loss of consortium. Grange concedes that Mr. Lane's loss-of-consortium claim is subject to the four-year statute of limitations in R.C. 2305.09 rather than the two-year statute of limitations for bodily injury claims.

Further, the effect of an insured's disabilities is not clear. R.C. 2305.16 provides for tolling the statute of limitations when a plaintiff is within the age of minority, of unsound mind, or imprisoned. Condition 10 fails to indicate whether R.C. 2305.16 is to be in-corporated in the calculation of the time within which an insured must commence an action against the company.

Where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured. *King* v. *Nationwide Ins. Co.* (1988), 35 Ohio St. 3d 208, 519 N.E. 2d 1380, syllabus; *Faruque* v. *Provident Life & Acc. Ins. Co.* (1987), 31 Ohio St. 3d 34, 31 OBR 83, 508 N.E. 2d 949, syllabus; *Buckeye Union Ins. Co.* v. *Price* (1974), 39 Ohio St. 2d 95, 68 O.O. 2d 56, 313 N.E. 2d 844, syllabus. The insurer, being the one who selects the language in the contract, must be specific in its use; an exclusion from liability must be clear and exact in order to be given effect. *American Financial Corp.* v. *Fireman's Fund Ins. Co.* (1968), 15 Ohio St. 2d 171, 44 O.O. 2d 147, 239 N.E. 2d 33.

For the foregoing reasons we find that Condition 10 of the Grange policy is unclear and ambiguous, and therefore fails to shorten the statute of limitations period which is otherwise provided by law. We reverse the decision of the court of appeals and reinstate the judgment of the trial court.

*Judgment reversed.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT and RESNICK, JJ., concur.

HOLMES, J., dissents.