OPINION
{¶ 1} Plaintiff-appellant, Jerry T. Triplett, appeals from the February 12, 2003 decision and entry of the Franklin County Court of Common Pleas, granting the motion of defendant-appellee, American Family Insurance Group [American Standard], for summary judgment. For the reasons that follow, we affirm.
 {¶ 2} Appellant was injured on September 11, 1998 when his car was struck by a car driven by Jodie Lamar. The police report indicated that Ms. Lamar was uninsured, but the parties were unable to locate her. At the time of the accident, appellant was insured under a policy issued by appellee. The policy included uninsured motorist coverage.
 {¶ 3} On November 15, 1999, appellee's subrogation department sent appellant a letter advising him that appellee deemed the file uncollectible based on the fact that appellant was unable to locate Ms. Lamar and that she had no attachable assets. On February 3, 2000, counsel for appellant sent a letter to appellee advising of his representation and placing appellee on notice of a potential uninsured motorist claim to recover damages. On September 19, 2000, appellant filed suit against Ms. Lamar in the Franklin County Municipal Court seeking damages from the September 18, 1998 collision. Also on September 19, 2000, appellant's counsel sent a demand letter to appellee seeking recovery pursuant to appellant's uninsured motorist coverage.
 {¶ 4} On October 31, 2000, appellee sent a letter to appellant's counsel denying uninsured motorist coverage on the ground that appellant's demand packet was eight days past the two-year statute of limitations. The letter quoted a portion of a general provision of the policy as follows:
 {¶ 5} "4. We may not be sued under the Uninsured Motorists coverage on any claim that is barred by the tort statute of limitations. Any action to recover under Uninsured Motorist coverage must be started within 2 years after the accident."
 {¶ 6} On January 30, 2001, appellant filed a First Amended Complaint with the Municipal Court, adding appellee as a defendant by means of a declaratory judgment action, and seeking collision related damages. Appellee filed a motion for summary judgment contending that appellant's action was barred by the general provision of the policy quoted above. On August 8, 2001, the Municipal Court denied appellee's motion.
 {¶ 7} On January 16, 2002, appellant dismissed his action without prejudice and refiled in the Franklin County Court of Common Pleas on March 14, 2002, pursuant to Ohio's Savings Statute, R.C. 2305.19. On December 19, 2002, appellee moved for summary judgment contending that its policy language barred appellant's action for uninsured motorist coverage. On February 12, 2003, the trial court granted summary judgment in favor of appellee. The trial court determined that the provision, "[a]ny action to recover under Uninsured Motorist coverage must be started within 2 years after the accident," was unambiguous and provided a reasonable time for a claim to be brought. Thus, the trial court concluded that appellant's suit was barred as he had filed suit after the appropriate time limitation had expired.
 {¶ 8} This appeal followed, with appellant assigning as error the following:
I. The trial court erred to the prejudice of plaintiff/appellant in granting defendant/appellee's motion for summary judgment, finding that the time period to bring a cause of action for uninsured motorist benefits under defendant/appellee's automobile policy was validly reduced from the fifteen (15) year statute of limitation set forth by Revised Code section 2305.06, to two years.
II. The trial court erred to the prejudice of plaintiff/appellant in granting defendant/appellee's motion for summary judgment, failing to find that the time limitation applied to plaintiff/appellant's cause of action for uninsured motorists benefits did not begin to lapse until the date plaintiff/appellant's contractual right of action accrues, no sooner than November 15, 1999, the date of defendant/appellee's written waiver of subrogation rights.
 {¶ 9} Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:
* * * [T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
 {¶ 10} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn. Co.
(1992), 65 Ohio St.3d 621, 629, citing Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 65-66. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280,292. Once the moving party meets its initial burden, the nonmovant must then produce competent evidence showing that there is a genuine issue for trial. Id. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-359.
 {¶ 11} Appellate review of summary judgments is de novo. Koos v.Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588; MidwestSpecialties, Inc. v. Firestone Tire Rubber Co. (1988),42 Ohio App.3d 6, 8. As such, we stand in the shoes of the trial court and conduct an independent review of the record.
 {¶ 12} In his first assignment of error, appellant argues the policy language limiting the time in which a claimant can bring suit is ambiguous and therefore the 15-year statute of limitations for actions on a written contract should apply. Appellee counters that an insurance policy may limit the time for bringing an action on the contract to less than 15 years if the language is clear and unambiguous and a reasonable time for bringing suit is provided. Appellee contends the language in its policy is clear and therefore the policy limitation should apply.
 {¶ 13} Where language in an insurance policy is unambiguous and clear, "courts cannot alter the provision of the policy and may not stretch or constrain unambiguous provisions to reach a result not intended by the parties." Tate v. Pirnat (Oct. 14, 1999), Franklin App. No. 98AP-1189. By contrast, where "provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, syllabus. The words used in an insurance policy "must be given their natural and commonly accepted meaning, where they in fact possess such meaning, to the end that a reasonable interpretation of the insurance contract consistent with the apparent object and plain intent of the parties may be determined." Gomolka v. State Auto. Mut. Ins. Co. (1982),70 Ohio St.2d 166, 167-168. The intention of the parties must be derived from the instrument as a whole, and not from detached or isolated parts thereof. Tomlinson v. Skolnik (1989), 44 Ohio St.3d 11, 13.
 {¶ 14} In Lane v. Grange Mut. Companies (1989), 45 Ohio St.3d 63, the Ohio Supreme Court construed a provision reducing the time for bringing suit under an insurance contract and found the provision ambiguous. The provision in that case provided in relevant part:
* * * No suit or action whatsoever or any proceeding instituted or processed in arbitration shall be brought against the company for the recovery of any claim under this coverage * * * unless same is commenced within the time period allowed by the applicable statute of limitations for bodily injury or death actions in the state where the injury occurred.
Id.
 {¶ 15} The Ohio Supreme Court found that the provision did not inform policyholders the amount of time available for commencement of an action, as one who lacked knowledge of the Ohio Revised Code would not know that generally, an action for bodily injury must be commenced within two years. The court also found that the provision was ambiguous because the provision did not identify which of two or more conflicting statutory periods would be applicable, when the applicable period began to run, and when the running of the time period was tolled. Id. at 64.
 {¶ 16} Here, the full provision at issue provides as follows:
Suit Against Us. We may not be sued unless all the terms of this policy are complied with. We may not be sued under the Liability coverage until the insured's obligation to pay is finally determined at the trial and appeal, if any, or by written agreement of the insured, the claimant andus. We may not be sued under the Uninsured Motorist coverage on any claim that is barred by the tort statute of limitations.
Any action to recover under Uninsured Motorist coverage must be started within 2 years after the accident.
(Emphasis sic.)
 {¶ 17} Appellant argues that this language does not specifically require that a lawsuit be filed within two years of an accident, simply that an action must be started. Appellant contends the word "action" is not defined in the policy, and coupled with the prior use of the words "suit" and "sued," it is not clear what starting an action means within the context of the policy. Appellant contends that a reasonable interpretation of this language means that written notification of an insured's intent to pursue an uninsured motorist claim meets the requirement of starting an action. Appellant maintains that he met the requirement of the policy when his attorney sent the letter of February 3, 2000 to appellee advising appellee of his intention to pursue an uninsured motorist claim. We disagree.
 {¶ 18} After the Ohio Supreme Court's decision in Lane, this court decided Abedi v. Motorists Ins. Companies Mut. (May 10, 1994), Franklin App. No. 93APE10-1435, which dealt with a nearly identical provision. The policy in question in that case read as follows:
Suit Against Us. No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.
 {¶ 19} This court found that the provision was clear and unambiguous, and therefore summary judgment for the insurer was appropriate.
 {¶ 20} Also, more recently, this court decided the case of Davisv. Allstate Ins. Co., Franklin App. No. 02AP-1322, 2003-Ohio-4186. In that case, this court held that an automobile insurance policy's statement that "[a]ny legal action `must be brought' within two years [of the date] of the accident," unambiguously required the insured to have obtained service of process within one year of the claimants having filed their action against insurer seeking uninsured/underinsured motorist coverage.
 {¶ 21} In this case, the sentence "we may not be sued under the Uninsured Motorists coverage on any claim that is barred by the tort statute of limitations," echoes the language found ambiguous in Lane.
However, the next sentence adds limiting language stating that "any action to recover under the Uninsured Motorist coverage must be started within 2 years after the accident." Thus, regardless of any statute of limitations, the contract imposes a two-year deadline for starting an action. Reading the provision as a whole, we conclude that the provision is clear and unambiguous, and therefore the trial court was correct in determining that appellant filed suit after the two-year time limitation had expired.
 {¶ 22} In his second assignment of error, appellant contends that the triggering event that started the contractual limitations period running was the November 15, 1999 letter waiving subrogation, not the date of the accident. Appellant bases this on the language of the policy that requires him to exhaust the limits of or any applicable bodily injury liability policies or bonds before appellee is required to pay. Again, we disagree.
 {¶ 23} Here, the language in appellee's policy is unambiguous and consistent with the rest of the policy. Since appellant is asserting a claim for uninsured motorist coverage, there is no available liability coverage for appellant to exhaust. Thus, the trial court was correct in entering summary judgment for appellee.
 {¶ 24} Based on the foregoing, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Watson and Deshler, JJ., concur.
DESHLER, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.