OPINION *Page 2 
{¶ 1} Plaintiff-Appellant Dana Crites appeals from the October 26, 2007, Judgment Entries of the Stark County Court of Common Pleas denying Plaintiff-Appellant's motion for summary judgment and granting Defendant-Appellee Allstate Insurance Company's motion for summary judgment.
 STATEMENT OF THE FACTS AND CASE {¶ 2} This appeal arises out of a fire that damaged certain personal property owned by Plaintiff-Appellant Dana Crites. Appellant Crites lived at 727 Vogel Ave. N.E., Massillon, Ohio. Appellant Crites also had personal property stored in a garage at another location, 5115 Columbus Road, Louisville, Ohio. Appellant Crites' residence and personal property were insured with Defendant-Appellee Allstate Insurance Company.
 {¶ 3} This case arose when a fire occurred at the Louisville property and damaged or destroyed Crites' personal property that was stored in the garage. The Louisville property is the home of Andrew and Rebecca Kibler, and included an attached garage.
 {¶ 4} Allstate paid Appellant Crites $2,250.00 on his insurance claim for the damage to his personal property.
 {¶ 5} On December 15, 2006, Plaintiff-Appellant, Dana Crites, filed a complaint for declaratory judgment action in which he alleged that he purchased an insurance policy from the Defendant-Appellee, Allstate Insurance Company, for damage to personal property and that Defendant-Appellee, Allstate Insurance Company, was *Page 3 
required to pay the maximum limit of liability for damage to personal property under such policy.
 {¶ 6} On March 19, 2007, Appellee Allstate filed its motion for summary judgment.
 {¶ 7} Appellant Crites filed a brief in opposition to Allstate's motion for summary judgment and a cross-motion for summary judgment, and both parties filed reply briefs in support of their respective motions for summary judgment.
 {¶ 8} On August 3, 2007, the trial court conducted a hearing on the pending motions for summary judgment.
 {¶ 9} By Judgment Entry dated October 26, 2007, the trial court granted Appellee Allstate's motion for summary judgment and denied Appellant Crites' cross-motion for summary judgment.
 {¶ 10} Appellant now appeals, raising the following sole assignment of error for review:
 ASSIGNMENT OF ERROR {¶ 11} "I. THE TRIAL COURT ERRED IN FINDING THAT THE PLAIN AND ORDINARY MEANING OF "RESIDENCE" INCLUDES AN ATTACHED GARAGE."
 I. {¶ 12} In Appellant's sole assignment of error, Appellant contends that the trial court erred in granting Appellee's motion for summary judgment and denying his motion for summary judgment. We disagree. *Page 4 
 "Summary Judgment Standard" {¶ 13} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. Civ. R. 56(C) provides, in pertinent part:
 {¶ 14} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 15} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of *Page 5 
material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429,1997-Ohio-259, citing Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107.
 {¶ 16} It is based upon this standard that we review Appellant's assignments of error.
 {¶ 17} The issue before this Court involves an insurance policy. An insurance policy is a contract. Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, at ¶ 9. A court interpreting a contract should give effect to the contracting parties' intent. Id. at ¶ 11. In doing so, courts must examine the insurance contract as a whole and presume that the language used in the policy reflects the parties' intent. Id., citing Kelly v. Med. Life Ins. Co. (1987),31 Ohio St.3d 130, 31 OBR 289, 509 N.E.2d 411, paragraph one of the syllabus. "We look to the plain and ordinary meaning of the language used in the policy unless another meaning is clearly apparent from the contents of the policy." Id., citing Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146, paragraph two of the syllabus. "[W]ords and phrases used in an insurance policy must be given their natural and commonly accepted meaning." Gomolka v. State Auto. Mut. Ins.Co. (1982), 70 Ohio St.2d 166, 167-168, 24 O.O.3d 274, 436 N.E.2d 1347. When the words used are clear, courts "may look no further than the writing itself to find the intent of the parties." Id. Additionally, the fact that an insurance policy does not define a term does not necessarily mean that the policy is ambiguous. Chicago Title Ins. Co. v.Huntington Natl. Bank (1999), 87 Ohio St.3d 270, 719 N.E.2d 955. However, "[t]he insurer, being the one who selects the language in the contract, must be specific in its use; an exclusion from liability must be clear and exact in order to be given effect." Lane v. *Page 6 Grange Mut. Cos. (1989), 45 Ohio St.3d 63, 65, 543 N.E.2d 488. See, also, U.S. Fid. Guar. Co. v. Lightning Rod Mut. Ins. Co. (1997),80 Ohio St.3d 584, 687 N.E.2d 717; McKeehan v. Am. Family Life Assur. Co.of Columbus, 156 Ohio App.3d 254, 805 N.E.2d 183. When an insurer prepares a contract and includes language that is doubtful, vague, or ambiguous, the language must be construed in favor of the insured and strictly against the insurer. Taulbee v. Travelers Cos. (1987),42 Ohio App.3d 209, 537 N.E.2d 670.
 {¶ 18} Specifically, the issue before the trial court was whether the plain and ordinary meaning of "residence" as defined in Allstate's insurance policy includes an attached garage.
 {¶ 19} In the case sub judice, the parties sought a declaration of whether Appellant Crites' damaged personal property fell within "Coverage C" of his Allstate policy, which provides, in relevant part:
 {¶ 20} "Section I — Your Property
 {¶ 21} "Coverage C
 {¶ 22} "Personal Property Protection
 {¶ 23} "Property We Cover Under Coverage C:
 {¶ 24} "1. Personal property owned or used by an insured person anywhere in the world. When personal property is located at a residence other than the residence premises, coverage is limited to 10% of Coverage C — Personal Property Protection. This limitation does not apply to personal property in a newly acquired principal residence for the 30 days immediately after you begin to move property there or to personal property in student dormitory, fraternity, or sorority housing." *Page 7 
 {¶ 25} The term "residence premises" is defined in the policy as the residence described on the Policy Declarations:
 {¶ 26} "Definitions Used In This Policy
 {¶ 27} * * *
 {¶ 28} "10. "Residence premises" — means that portion of any building used by you as a private residence, excluding any portion used for business purposes, which is described on the Policy Declarations." (Form AP786, pp. 2-3).
 {¶ 29} In its summary judgment ruling, the trial court found:
 {¶ 30} "The plain and ordinary meaning of "residence" includes an attached garage. As another court observed in a different context, "[r]easonable persons would agree that an attached garage is part of the house to which it is attached, and, therefore, is part of the residence or dwelling." (See State v. Davis (Dec. 8, 2000), Clark App. No. 2000-CA-16, unreported).
 {¶ 31} Upon review of the policy, we find that the "residence premises" listed on the declarations page of the policy is 727 Vogel Avenue NE, Massillon, Ohio. This Vogel Avenue property is therefore the "residence premises" under the policy.
 {¶ 32} As the fire occurred at the Columbus Road property, which was the residence of the Kiblers at the time of the fire, we find that the Columbus Road property was a residence other than the "residence premises."
 {¶ 33} We further find that the attached garage was part of the "residence" of the Columbus Road property. Although the policy does not specifically define a garage as being part of the "residence", a review of Ohio case law in other arenas reveals that Ohio courts have held that an attached garage is included as part of a *Page 8 
residence or dwelling. (See State v. Davis, 2nd
Dist. App. No. 2000-CA-16; State v. Simpson, 2nd Dist. App. No. 19011, 2002-Ohio-1300; U.S. v. Frazin, 780 F.2d 1461)
 {¶ 34} Based on the foregoing, we find that the trial court did not err in granting summary judgment in favor of Appellee Allstate.
 {¶ 35} Appellant's sole assignment of error is overruled.
 {¶ 36} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 By: Wise, J. Gwin, P. J., and Farmer, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs assessed to Appellant. *Page 1