DECISION AND JUDGMENT
{¶ 1} This appeal comes to us from a summary judgment of the Erie County Court of Common Pleas which denied benefits to appellant under a short-term disability insurance policy. Because we conclude that the trial court erred in granting summary judgment to appellee and in denying summary judgment in favor of appellant, we reverse. *Page 2 
 {¶ 2} Appellant, Bonnie Thompson Etter, filed suit against appellee, American Family Life Insurance Company[1] ("AFLAC"), for breach of contract and that appellee wrongfully denied her claims under a short term disability insurance policy. Appellee denied the allegations and, ultimately, moved for summary judgment on the basis that appellant had not worked full-time, as defined by the policy, and had not been released by her physician to resume full-time work. Appellant also moved for summary judgment. The trial court denied appellant's motion and granted appellee's motion, stating that the contract was not ambiguous and that appellant was not entitled to be paid for the time period she had requested.
 {¶ 3} Appellant now appeals from that judgment, arguing the following two assignments of error:
 {¶ 4} "I. The trial court erred in granting AFLAC's motion for summary judgment.
 {¶ 5} "II. The trial court erred in denying Etter's motion for summary judgment."
 I. {¶ 6} In her first assignment of error, appellant argues that the trial court erred in granting AFLAC's motion because the contract did not require a physician's release and was ambiguous as to whether the full-time work period applied to the 180 days between claims for the same disability. *Page 3 
 {¶ 7} The standard of review of a grant or denial of summary judgment is the same for both a trial court and an appellate court. Civ. R. 56(C);Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of facts, if any, * * * show that there is no genuine issue as to any material fact" and, "construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." Civ. R. 56(C).
 {¶ 8} An insurance policy is a contract between the insurer and the insured. Nationwide Mut. Ins. Co. v. Marsh (1984), 15 Ohio St.3d 107,109. The words and phrases contained in an insurance policy must be given their plain and ordinary meaning unless there is something in the contract that would indicate a contrary intention. McKeehan v. Am.Family Life Assur. Co. of Columbus, 156 Ohio App.3d 254, 2004-Ohio-764, ¶ 4, citing to Olmstead v. Lumbermens Mut. Ins. Co. (1970),22 Ohio St.2d 212, 216. A court may not alter the clear and unambiguous language of an insurance policy in order to reach a result not intended by the parties to the contract. See Gomolka v. State Automobile Mut. Ins.Co. (1982), 70 Ohio St.2d 166, 168.
 {¶ 9} Nonetheless, when contract provisions are reasonably susceptible of more than one interpretation, they must be construed strictly against the insurer and liberally in favor of the insured. King v. NationwideIns. Co. (1988), 35 Ohio St.3d 208, syllabus. Moreover, the insurer selects the language in the contract and must be specific in its use. *Page 4 Lane v. Grange Mut. Cos. (1989), 45 Ohio St.3d 63, 65, citing Am.Financial Corp. v. Fireman's Fund Ins. Co. (1968), 15 Ohio St.2d 171. Thus, an exclusion from liability must be clear and exact in order to be given effect. Lane, supra. Accordingly, we interpret an exclusion in an insurance policy as only applying to that which is clearly intended to be excluded. Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd. (1992),64 Ohio St.3d 657, 665.
 {¶ 10} In this case, the AFLAC insurance policy contract contains several relevant sections regarding coverage for short term disability claims. In "Part 4," page 8 of the contract, the policy states:
 {¶ 11} "A. Working Full-Time: While you are working at a Full-Time Job and while coverage is in force, we will insure you as follows:
 {¶ 12} "If your covered Sickness or covered Off-the-Job Injury causes you to become Totally Disabled within 90 days of your covered Sickness or covered Off-the-Job Injury, we will pay you one-thirtieth of the benefit shown in the Policy Schedule for each day you remain Totally Disabled. This benefit is payable up to the Benefit Period you selected and is subject to the Elimination Period, as shown in the Policy Schedule. Also see the Uniform Provision titled Term and the definitions of Benefit Period and Successive Periods of Disability."
 {¶ 13} On page 4 of the policy, the following definition is listed:
 {¶ 14} "M. SUCCESSIVE PERIODS OF DISABILITY: separate periods of disability, if due to the same or related condition and not separated by 180 days or more *Page 5 
will be considered a continuation of the prior disability. Separate periods of disability due to unrelated caused will be considered a continuation of the prior disability unless they are separated by your returning to work at a Full-Time Job for at least 1 (one) full day, during which you are performing the material and substantial duties of this job and are no longer qualified to receive disability benefits." (Emphasis added.)
 {¶ 15} Finally, Section F. on page three of the policy defines "full-time job" as "a job at which you work 30 or more hours per week for pay or benefits."
 {¶ 16} Appellee's policy language, in the "Successive Periods of Disability" definition, differentiates between successive disabilities caused by the same or related condition and successive disabilities caused by different conditions. For example, if a worker injures his arm, is off for the 90 days, returns to work, and the next day, slips and injures his back, that claim would appear to be covered for another 90 days. He would only need to return to his full-time work for one day to be entitled to the second claim payment for up to 90 days.
 {¶ 17} The language for successive periods of disability caused by the same condition, however, requires only that the claimed periods must be separated by 180 days in order for a claim to be filed. Nowhere in the policy does it state that the insured must obtain a physician's "release" upon her return to work. Therefore, we decline to read into the contract non-existent terms and requirements. Certainly, chronic conditions would fall within the purview of claims caused by the same condition. The policy simply limits *Page 6 
the insured's ability to file a claim for such a condition to every 180 days, assuring that the policy covers only short-term periods for disability.
 {¶ 18} In addition, the policy language does not include any reference to returning to full-time work, i.e., 30 hours per week, during those 180 days. Clearly, the 180 days would not necessarily all be work days. Therefore, one reasonable interpretation of this part of the policy is that, as long as the person was still employed in the full-time position, the policy would cover successive claims for the same condition, limited only by the 180 day separation.
 {¶ 19} Appellant's initial two claims, related to a chronic illness, Crohn's Disease, were for two separate time periods between June 3 and September 7, 2003. Those claims were considered successive periods of disability and were fully paid according to the 90 day policy limits. Appellant went back to work at her full-time job, sometimes using earned sick, comp time, and vacation days as part of her work week.[2] The last day of the second paid claim was September 7, 2003. Appellant's next application for a claim was on March 11, 2004, which was 186 days after the end of her previous claim.
 {¶ 20} Since appellant continued to work at her full-time position and 180 days separated her claims, a reasonable interpretation of the policy language would be that she was entitled to coverage. Although appellee insists that the full-time work definition should apply, the connection between the two sections is ambiguous. The very language *Page 7 
of Section M. suggests that the only necessary condition for successive periods of disability pertaining to unrelated conditions is that they are separated by 180 days. Nothing designates those days to be "full-time" work days or that the claimant must be fully released from a doctor's care. Consequently, since the policy language is ambiguous, it must be construed against appellee, the drafter. Therefore, the trial court erred in determining that the contract language was not ambiguous and appellant was not entitled to coverage.
 {¶ 21} Accordingly, appellant's first assignment of error is well-taken.
 II. {¶ 22} Appellant, in her second assignment of error, argues that, if she is entitled to payment under the policy, the trial court erred in denying her motion for summary judgment as to coverage.
 {¶ 23} Since we have already determined that appellant was entitled to payment under the policy for successive claims made which were separated by 180 days, we conclude that appellant was entitled to summary judgment as to this issue. Therefore, the trial court erred in denying appellant's motion for summary judgment regarding the issue of coverage under the policy. Determination of which, how many, and the amount of payment for her claims must be made by the trial court.
 {¶ 24} Accordingly, appellant's second assignment of error, as to the issue of coverage under the policy, is well-taken. *Page 8 
 {¶ 25} The judgment of the Erie County Court of Common Pleas is reversed and this case is remanded for proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR.
[1] The complaint listed "American Family Life Insurance Company," instead of the correct name, "American Family Life Assurance Company." For the sake of clarity and ease of discussion, we will use the correct name in the text of this decision.
[2] The record indicates that appellant worked on average between 28 to nearly 30 hours per week. *Page 1