## Heil
## v.
## United Ohio Ins. Co.
*[Cite as 2 AOA 134]*

*Case No. 4-88-15*
*Defiance County (3rd)*
*Decided March 7, 1990*

*R.C. 3937.18*

*Messrs. Plassman, Rupp, Hensal & Short, Mr. David P. Rupp, Jr., Attorney at Law, 302 North Defiance Street, Archbold, Ohio 43502, For Appellant.*

*Mr. John P. Goldenetz, Attorney at Law, 515 Fifth Street, Defiance, Ohio 43512, For Appellee.*

SHAW, P. J.
This is an appeal by dependant-appellant, United Ohio Insurance Co. (United) from a decision of the Common Pleas Court of Defiance County, granting summary judgment in favor of an insured plaintiff.

The summary judgment was based primarily upon the trial court's interpretation of two provisions in a United insurance policy pertaining to an underinsured motorist claim.

Timothy Heil was killed in an automobile collision on October 20, 1985. At the time of the collision, Timothy was insured under a policy issued by United.

Plaintiff-appellee, Gene Heil, (administrator) was appointed administrator of Timothy's estate.

Although the exact nature and extent of the notice is in some dispute, it is generally agreed that the administrator became aware of a $25,000 limit in the tortfeasor's liability coverage during June of 1986.

On October 17, 1986 the administrator filed a wrongful death suit against the tortfeasor in the Common Pleas Court of Butler County, Ohio. In a letter dated October 20, 1986, the tortfeasor's

insurance company tendered the $25,000 policy limits to the administrator.

On December 8, 1986, thirteen and one-half months after Timothy's death, the administrator submitted a claim to appellant, United, for "uninsured" motorist coverage under the United policy. However, on December 12, 1986, United informed the administrator that United would not honor the "underinsured" motorist claim because the administrator had not taken appropriate action against the company within a twelve-month time limit stated in the policy.

On March 30, 1987 the administrator made a written demand to United for arbitration and on June 5, 1987 this lawsuit was filed against United, in essence, to compel arbitration.

Both parties filed motions for summary judgment.

Based upon the following conclusions regarding the United policy and the circumstances of this case, the trial court granted summary judgment in favor of the administrator and against United on August 24, 1988:

"This court concludes that the requirement in the policy that the Plaintiff exhaust all insurance coverage prior to any payment to be made pursuant to the underinsured motorist coverage; the fact that this is a wrongful death action which would require additional time for the appointment of a personal representative of the decedent's estate; the fact that suit had been filed by said personal representative against the alleged tortfeasor within one year; and the fact that the primary insurance coverage was not tendered until after one year had elapsed from the time of the collision, the one year provision for filing suit against the Defendant or making demand for arbitration, if that is the meaning of the wording of the policy, is unreasonable. (Citations omitted.)"

Appellant United now asserts the following single assignment of error:

"The trial court erred in holding the 12 month limitation in the subject insurance policy for filing suit or making a demand for arbitration against appellant United Ohio Insurance Company is unreasonable and therefore unenforceable."

This case turns upon the interpretation of two provisions in the insurance policy issued by United. The primary provision at issue in this appeal is entitled "ACTION AGAINST THE COMPANY" and states:

"No suit or request for arbitration may be brought against the Company unless you have complied with all terms of the Policy and unless action is filed within twelve months (12) after the date of the accident."

Also of significance to the trial court's decision was the following language under a policy provision entitled "LIMIT OF LIABILITY"

"* * * We will not be obligated to make any payment because of bodily injury for Uninsured Motorists Coverage and Underinsured Motorists Coverage until after the Limits of Liability under all bodily injury liability bonds or insurance policies that are in force at the time of the accident have been exhausted by payment of judgments or settlements. * * *"

In *Colvin* v. *Globe American Cas. Co.* (1982), 69 Ohio St. 2d 293 and *Duriak* v. *Globe American Cas. Co.* (1986), 28 Ohio St. 3d 70, the Ohio Supreme Court held that an insurance policy may limit the statutory time for an action on the contract to one year in uninsured motorist cases. From the portion of the trial court's ruling quoted above, it is apparent that the trial court's decision was based in part on the belief that a twelve-month policy limitation is not always reasonable in an underinsured motorist case as distinguished from an uninsured motorist case. Hence, the express finding by the trial court (in a portion of the decision not quoted above) that *Colvin, supra,* and *Duriak, supra,* had no application to underinsured motorist claims. We recognize that a limitation period reasonable for an uninsured claim where the claimant is initially informed there is no coverage, might not always be as reasonable for an underinsured claim where the claimant is initially informed there is coverage but may not be put on immediate notice that the amount is inadequate. However, since the date of the trial court's decision in the case before us, the Ohio Supreme Court has specifically addressed this danger in the recent decision of *Lane* v. *Grange Mutual Cas.* (1989), 45 Ohio St. 3d 63 which reemphasized the following caveat from *Colvin, supra,* and *Duriak, supra:*

"To reduce the time for suit provided by the statute of limitations, an insurance policy must be written in terms that are clear and unambiguous to the policyholder. *Colvin, supra; Duriak, supra.* * * *" *Lane, supra,* at 64. *Lane, supra,* apparently involved an underinsured motorist claim under an uninsured policy provision. Nevertheless, we believe the Ohio Supreme Court has now clearly indicated that the one-year limitation period approved for uninsured coverage in *Colvin, supra,* and *Duriak, supra,* is also reasonable for underinsured claims, *provided* the limitation language is clear and unambiguous.

"While seeking recovery from the tortfeasor, an insured who cannot understand the time limitation in his policy may unwittingly allow the time to pass for filing an underinsured motorist claim against his insurance carrier. This danger is increased by our decision in *Colvin* allowing the insurance contract to limit the time in which the insured can initiate an action against the insurer to one year." *Lane, supra,* at 64, Fn. 1.

The test for determining ambiguity in a policy provision is well established in this state and is set forth in the *Lane* decision, at 65:

"Where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured. [citations omitted.]

The insurer, being the one who selects the language in the contract, must be specific in its use; an exclusion from liability must be clear and exact in order to be given effect. [citations omitted.]" *Id.*

In the case before us, the controversy centers upon the fact that the administrator filed suit against the tortfeasor within 12 months of the accident but failed to take any formal action against United until some thirteen and one-half months after the accident. United argues that the policy language "* * * unless action is filed within twelve months (12) after the date of the accident" clearly and unambiguously refers t o an "action against the company" and not an "action against the tortfeasor." We disagree.

The limitation clause could have easily stated just as United now suggests by the simple inclusion of the words "against the company" following the word "action." Or as in the policy discussed in *Colvin, supra,* the phrase "unless same in filed," referring back to the phrase "suit or arbitration demand against the company," might have clarified the meaning of the word "action." However, the limitation clause here does neither. As a result, we believe the phrase "* * * unless action is filed * * *" is "* * *" reasonably susceptible of more than one interpretation, * * *" within the test set forth above from *Lane, supra,* so as to reasonably include an "action" against the tortfeasor.

Our conclusion that the word "action" is reasonably susceptible to more than one interpretation is not altered by the fact that the policy provision at issue is entitled "ACTION AGAINST THE COMPANY." Despite the title, the language of the provision is ambiguous on its face and must therefore be construed in favor of the insured:

"A contract of insurance prepared by the insurer will, in the event of a controversy over an ambiguity in its meaning, be given, if it can reasonably be done, an interpretation favorable to the insured to afford the protection for which a premium has been paid." *Kitt* v. *Home Indemnity Co.* (1950), 153 Ohio St. 505, 511. See, also *Lane, supra,* at 65; and 57 Ohio Jurisprudence 3d (1985), insurance, 348-362, Sections 285, 289, 290.

We also find the second policy provision set forth above, requiring the exhaustion of the limits of liability under all other policies prior to any payment of underinsured claims by United, to be ambiguous, especially when read in conjunction with the first provision requiring a claimant to comply with all terms of the policy and file an action within 12 months. United argues there is no inconsistency as the "exhaustion" provision refers only to the final payment of the underinsured claim by United, whereas the "action" provision refers only to commencement of the underinsured claim.

However, where, as here, the payment under the other coverage is not tendered until after the 12 month period has expired, the insured would be required to file a suit or arbitration demand against United before he knows what, if anything, he is going to actually receive from the other coverage and thus before he knows what amount is to be demanded from or arbitrated with United. In short, while we have no quarrel with United's interpretation of the "exhaustion" provision, we likewise believe it would not be unreasonable for a policyholder to conclude that he must pursue the other coverage to conclusion prior to filing his suit or arbitration demand against United. See, in accord, *Barnes* v. *Nationwide Ins. Co.* (July 9, 1982), Lucas App. No. L-82-086, unreported, at 5-6.

In summary, we find the 12 month "action" provision of United's policy is reasonably susceptible to different interpretations, both on its face and in conjunction with the "exhaustion" provision of the policy. The conduct of the administrator in filing suit against the tortfeasor within 12 months of the accident was consistent with alternative and reasonable interpretations of the policy language and the arbitration demand against United should therefore be allowed. See *Lane, supra,* and *Kitt, supra.*

Thus, albeit for slightly different reasons, we concur with the judgment of the trial court. The assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

MILLER AND EVANS, JJ., Concur.