OPINION
{¶ 1} This is a consolidated appeal from the judgment of the Allen County Court of Common Pleas, which granted partial summary judgment on behalf of Plaintiff/Appellant/Appellee, Patricia Boughan (Boughan) and which granted summary judgment on behalf of Defendant/Appellee/Appellant, Grange Mutual Insurance Company (Grange) on another issue.[1]
 {¶ 2} On February 11, 1997, the appellant was injured in a car accident in Bradenton, Manatee County, Florida. The driver of the other vehicle, Nathan J. Thraen, was allegedly at fault. The appellant claims to have suffered serious and permanent injury as a result of the collision. On February 2, 2001, Boughan settled with Mr. Thraen's insurance company for $25,000, the limits of his policy. On May 25, 2001, Boughan filed a complaint against Grange attempting to collect underinsured insurance proceeds through her Grange auto and homeowner's insurance.[2] On March 25, 2002, Grange filed for summary judgment, contending that uninsured/underinsured motorist coverage does not exist by operation of law under Boughan's homeowner policy and that Boughan's claim under her auto insurance policy was filed after the contractual time limitation had passed. On April 22, 2002, Boughan filed a combined Brief in Opposition to Grange Mutual Insurance Company's Motion for Summary Judgment and Cross Summary Judgment Motion asserting that the contractual time limitation had not run on Boughan's auto insurance claim and that Grange's homeowner's policy provided uninsured/ underinsured motorist coverage by operation of law. On May 3, 2002, the trial court granted summary judgment in part on behalf of Boughan stating that the statute of limitations had not run on her claim under her auto insurance policy and granted summary judgment on behalf of Grange stating that Boughan's homeowner policy did not cover uninsured/underinsured motorist coverage.
 {¶ 3} Grange appeals asserting two assignments of error and Boughan now appeals asserting a single assignment of error. Grange's first assignment of error asserts: (1) THE TRIAL COURT ERRED WHEN IT SUSTAINED APPELLANT'S CROSS-MOTION FOR SUMMARY JUDGMENT DUE TO THE FOLLOWING REASONS: 1) THE CROSS-MOTION FOR SUMMARY JUDGMENT ON BEHALF OF APPELLANT WAS UNTIMELY FILED AND 2) APPELLEE WAS NOT GIVEN AN OPPORTUNITY TO RESPOND TO APPELLANT'S MOTION FOR SUMMARY JUDGMENT BEFORE THE COURT JOURNALIZED ITS DECISION AND JUDGMENT ENTRY.
 {¶ 4} Civ.R. 56(a) states that a motion for summary judgment may only be made with leave of court if the action has been set for trial or pre-trial. However, this court has held that "Under Civ.R. 56, the trial court has the discretion of allowing motions after the time allowed for their filing. Since the acceptance of the motion is by the grace of the court, the decision to accept, therefore, is itself `by leave of court.'"Cochran v. Ohio Auto Club (Oct. 3, 1996), Marion App. No. 9-96-33, quoting Juergens v. Strang Klubnik Assoc., Inc. (1994),96 Ohio App.3d 223, 234.
 {¶ 5} In this case, the court, by ruling on Boughan's motion, impliedly granted retroactive leave to file the motion for summary judgment. Moreover, the record does not reflect that Boughan's filing for summary judgment after a pre-trial date had been set prejudiced Grange's case. Additionally, Grange argues that it did not have a chance to reply to Boughan's motion for summary judgment before the trial court ruled on Boughan's motion, however, we fail to see how Grange was prejudiced as Boughan did not raise any issues in her motion for summary judgment which were not discussed fully in Grange's own motion for summary judgment. Consequently, the trial court did not err in considering Boughan's motion for summary judgment, and Grange's first assignment of error is overruled.
 {¶ 6} Grange's second assignment of error asserts: (2) THE TRIAL COURT ERRED BY SUSTAINING APPELLANT'S MOTION FOR SUMMARY JUDGMENT IN PART WHEN IT DETERMINED THAT APPELLAN'T'S CLAIM FOR UNDERINSURED MOTORIST COVERAGE WAS NOT TIME BARRED.
 {¶ 7} An appellate court reviews a grant of summary judgment de novo. Lorain Nat'l Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,129. Summary judgment is proper if the evidence filed in a case shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Civ.R.56(C). Furthermore, summary judgment should be granted, "if it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
Civ.R.56(C).
 {¶ 8} With regard to uninsured/underinsured claims, Boughan's auto insurance policy provides, "Any arbitration or suit against us will be barred unless commenced within 2 years (TWO YEARS) from the date of the accident or 1 year (ONE YEAR) after the date that you were made aware, of a claim for which coverage would apply whichever is later." Furthermore, the policy also states that Grange will pay under uninsured/underinsured motorist coverage only if the limits of liability under a primary policy have been exhausted by payment or a tentative settlement has been made between the insured and the primary insurance company.
 {¶ 9} "A contract of insurance prepared by the insurer, will, in the event of a controversy over an ambiguity in its meaning, be given, if it can reasonably be done, an interpretation favorable to the insured to afford protection for which a premium has been paid." Heil v. UnitedOhio Insurance Co. (1990), 66 Ohio App.3d 307, quoting Kitt v. HomeIndemnity Co. (1950), 153 Ohio St. 505, 511. Provisions of a contract of insurance are ambiguous if they are "reasonably susceptible of more than one interpretation." Lane v. Grange Mutual Cos. (1989), 45 Ohio St.3d 63,65. Moreover, "the insurer, being the one who selects the language in the contract, must be specific in its use; an exclusion from liability must be clear and exact in order to be given effect. * * * [Citations omitted.]" Id.
 {¶ 10} In this case, while one section of Boughan's auto insurance policy requires an insured to bring an underinsured motorist claim within one year of the accident or two years from the date the insured is made aware, another section of the policy advises the insured that Grange will not pay an underinsured's claim until other policies have been exhausted or there is a tentative settlement between an insured and the primary insurance company. When read together, these two sections create an ambiguity as to the appropriate time the insured should file her underinsured motorist claim. Additionally, Boughan's attorney sent Grange a letter five months after the accident, which requested arbitration on the underinsured coverage. However, Grange replied that Boughan's claim for arbitration was premature stating, "The policy states that arbitration cannot be demanded until there is a disagreement regarding either liability or damages. * * * Your client, therefore, will have to comply with this policy condition before arbitration will be appropriate." When these ambiguities are examined in favor of Boughan, we find that it would not be unreasonable for her to conclude that she must first settle with Thraen before bringing an underinsured claim against Grange.
 {¶ 11} Even if we had not found the policy language to be ambiguous, commencing the limitations period prior to the date of Boughan's settlement with Thraen violates public policy. In Kraly v.Vannewkirk (1994), 69 Ohio St.3d 627, the Ohio Supreme Court held that a contractual time limitation's clause in an insurance policy is only valid if the limitation period begins when the cause of action accrues.[3]Kraly involved a case in which the time limitations began to run beforeuninsured motorist coverage accrued. Several appellate courts have applied Kraly to an underinsured motorist claim and determined that the commencement of a statute of limitations on the date of the accident is per se unreasonable and violates public policy. See Sykes v. FarmersIns. of Columbus, Inc. (Feb. 26, 1999) Hamilton App. No. C-980538;Pauskey v. Farmers Ins. Of Columbus Inc. (Oct. 12, 2000) Cuyahoga App. No. 77247; Gooden v. Grange Mutual Casualty Ins. Co. (March 12, 2001) Stark App. No. 20000CA00130; Heil, supra.
 {¶ 12} Each of the courts mentioned above have determined that a contractual limit of time on an underinsured motorist claim must, at the least, commence at the time the insured is made aware that he is underinsured which is the date which he settles with the primary insurance company. Id. Moreover, as this court in Heil stated, "where, as here, the payment under the other coverage is not tendered until after the [limitation] period has expired, the insured would be required to file a suit or arbitration demand against [the second insurance company] before he knows what, if anything, he is going to actually receive from the other coverage and thus before he knows what amount is to be demanded from are arbitrated with [the second insurance company]." Heil, supra at 312.
 {¶ 13} Following the rationale above, we find that the language "1 year * * * after the date you were made aware" in the time limitation portion of Boughan's auto insurance policy when applied to her underinsured claim necessarily refers to the date when she settled with Thraen's insurance company, February 2, 2001. As Broughan filed her claim with Grange on May 25, 2001, less than one year after her settlement with Thraen, we find that Boughan's claim against Grange on its automobile policy was not time-barred as a matter of law and Grange's second assignment of error is overruled.
 {¶ 14} Boughan's assignment of error asserts: THE GRANGE HOMEOWNER'S POLICY PROVIDES UM/UIM COVERAGE BY OPERATION OF LAW.
 {¶ 15} Former R.C. 3937.18(A) provides "No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following coverages are provided to persons insured under the policy for loss due to bodily injury or death suffered by such persons:[uninsured and underinsured motorist coverage]." If a policy fails to include such language, uninsured/underinsured coverage will be created by operation of law * * *." Schumacher v.Kreiner, 88 Ohio St.3d 358, 359, 2000-Ohio-344.
 {¶ 16} In this case, Boughan asserts that her homeowner's insurance through Grange also covers automobiles and therefore is required to provide uninsured and underinsured coverage by operation of law. However, the Ohio Supreme Court in Davidson v. Motorist MutualInsurance Co., 91 Ohio St.3d 262, 2001-Ohio-36, paragraph one of the syllabus, has determined that "[a] homeowner's insurance policy that provides limited liability coverage for vehicles that are not subject to motor vehicle registration and that are not intended to be used on a public highway is not a motor vehicle liability policy and is not subject to the requirement of former R.C. 3937.18 to offer uninsured and underinsured motorist coverage."[4] See also Dye v. Owners InsuranceCo. (July 27, 2001), Portage App. No. 99-P-0104.
 {¶ 17} The homeowner's policy at issue in Davidson generally excluded automobile coverage but provided coverage for automobiles used in limited circumstances, including, among others:
 {¶ 18} "(4) A vehicle or conveyance not subject to motor vehicle registration which is:
 {¶ 19} "(a) Used to service an `insured's' residence;
 {¶ 20} "(b) Designed for assisting the handicapped * * *."
 {¶ 21} The Court in Davidson then determined that this limited motor vehicle coverage in the insured's homeowner's insurance policy did not transform the homeowner's policy into a motor vehicle liability policy requiring uninsured and underinsured motorist coverage under R.C. 3937.18. Davidson, supra.
 {¶ 22} The relevant section of Boughan's homeowner's policy reads "Under Premises Liability Coverage and Premises Medical Payment Coverage, we do not cover: 1. Bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading or negligent entrustment of any aircraft, watercraft or motorized land conveyance. We do provide coverage for a motorized land conveyance if it is not subject to a motor vehicle registration because it is used exclusively to service the insured premises or designated for assisting the handicapped."
 {¶ 23} The language used in Boughan's homeowner's policy regarding the types of motorized land conveyances covered by the homeowner's insurance is nearly the same as the policy language inDavidson. In fact, the policy in Davidson covered motorized land conveyances in several more circumstances than in Boughan's homeowner's policy. Furthermore, "the mere fact that the policy provides coverage for these motorized vehicles does not convert the policy into a motor vehicle liability policy." Id. at 269. Consequently, we find that Boughan's homeowner's policy through Grange is not a motor vehicle liability policy under R.C. 3937.18 as a matter of law and, therefore, Grange is not required to provide uninsured/underinsured coverage. Consequently, Boughan's assignment of error is overruled.
 {¶ 24} Based on the foregoing, the judgments of the trial court are affirmed.
Judgments affirmed.
 BRYANT and WALTERS, JJ., concur.
[1] Both parties are appealing from the same judgment, however, each party filed a separate appeal.
[2] Boughan's also sued that State Farm Fire Casualty Insurance Company and John Does one through five in the same action. The trial court granted summary judgment to State Farm on February 1, 2002 finding that Boughan's homeowner's policy did not include uninsured/underinsured motorist coverage. This court affirmed the trial court's ruling.
[3] While Grange relies on Ross for the contention that Kraly does not apply in this case, Ross involved an issue as to when an action accrues for purposes of which law to apply not whether an action is maintainable under a contractual time limitation, as in this case. Furthermore, we do not find the dicta in Ross regarding Kraly to be determinative of this case. See also, Pauskey v. Farmers Ins. Of Columbus, Inc. (Oct. 12, 2000), Cuyahoga App. No. 77247.
[4] Davidson involved the application of former R.C. 3937.18. Revised R.C. 3937.18 clarifies what constitutes a "motor vehicle" for purposes of providing uninsured/underinsured motorist coverage.