DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, M. Kirwin Tonti, M.D., appeals the Civ.R. 41(B)(1) dismissal of her legal malpractice action against appellees, William F. Hayes, Helen Coe, and James Millon. Appellant's case against Hayes is based upon his alleged negligence in pursuing a claim that appellant filed against another physician in 1993. Her suit against Coe and Millon is predicated upon the fact that Coe and Millon allegedly held themselves out to be in a partnership with Hayes.
 {¶ 2} This cause was first filed in 1995, but was subsequently voluntarily dismissed, without prejudice, and re-filed in 1999. Appellant's father, A. Patrick Tonti ("Attorney Tonti"), who resided in and/or practiced law in Columbus, Ohio, filed the complaint and continued to represent her throughout the proceedings below. However, from 2000 to 2005, appellant's chief legal representative was Mark S. Miller ("Attorney Miller"), another Columbus, Ohio attorney. Attorney John B. Gustafson also entered an appearance as appellant's "local" counsel.
 {¶ 3} The common pleas court stayed this case when Hayes filed a Chapter 7 bankruptcy[1] in federal court and, at a later time, due to the insolvency proceedings of appellees' malpractice insurer. On January 18, 2005, the parties entered into an agreement in which appellees stipulated that they were in a partnership by estoppel with Hayes in the years 1993 and 1994. Appellees also stipulated that William Hayes committed malpractice in his representation of appellant in 1993 and 1994; therefore, appellees also agreed to be "legally responsible for the acts of William Hayes in 1993 and 1994 regarding Hayes' representation of Dr. Tonti * * *." In return, appellant agreed to a cap of $300,000 in damages and waived any claim for punitive damages.
 {¶ 4} The trial court subsequently scheduled a damages hearing for April 27, 2005. In the interim, Attorney Miller filed a motion to withdraw as appellant's counsel. Appellees filed a memorandum in opposition. The lower court vacated the April 27, 2005 trial date and ordered that a hearing on Attorney Miller's motion be held on that date. After extensive discussion, the court orally granted Attorney Miller's request to withdraw and set a new trial date of May 16, 2005. The court told appellant, "If we do not proceed to trial on that day [May 16, 2005], the case will be dismissed with prejudice for want of prosecution." The court added, "May 16th is the trial date, period." In addition, the judge denied appellant's motion for a continuance, which was requested for the purpose of obtaining new counsel.
 {¶ 5} On May 5, 2005, appellant filed a motion to vacate the trial date in order to permit her to obtain new counsel. Appellant asked for a 60 day delay. On that same date, Attorney Tonti filed a motion to withdraw as appellant's counsel of record. Attorney Tonti claimed that he was in ill health and stated that he was not qualified to litigate a legal malpractice action.
 {¶ 6} Appellees filed a memorandum in opposition to Attorney Tonti's motion in which they noted that the trial court had orally denied Attorney Tonti's motion to withdraw on that morning, May 9, 2005. In opposition to the continuance of this cause, appellees asserted that trial was scheduled a number of times over a ten year period, that they were entitled to a conclusion of the case, and that the motion to vacate was filed only 11 days before the trial date.
 {¶ 7} On May 12, 2005, the trial judge entered a written order denying Attorney Tonti's motion to withdraw as counsel for appellant. The court observed that Tonti failed to offer any "documents or medical records to support his claim that he is medically incapable of conducting a trial." With regard to the claim that Attorney Tonti was not qualified to litigate a malpractice action, the common pleas judge reviewed counsel's involvement in the present case over a ten year period and held:
 {¶ 8} "If he [Tonti] is not qualified to litigate a legal malpractice action, that was true in 1995 when the original complaint was filed, and in 1999 when he re-filed the suit against these defendants. In the state of Ohio, a licensed attorney is presumed competent. State v. Smith (1985)17 Ohio St.3d 98, 100, citing Vaughn v. Maxwell (1965),2 Ohio St.3d 299, 301. Despite Mr. Tonti's contention that he is not qualified, he filed the complaint, re-filed the complaint, and participated in the case. This court will not allow him to use his status as an attorney only when it is advantageous to his family, and claim that he is not qualified when it is not. SeeStekskal v. Mahoning Nat'l Bank (March 29, 1999), Mahoning App. No. 96-CA-167."
 {¶ 9} Finally, the trial court noted that even after the withdrawal of Attorney Miller, appellant still had two counsel of record and that appellees had a right to a final determination of the allegations levied against them.
 {¶ 10} On May 13, 2005, Attorney Tonti filed an "Addendum" to his motion to vacate the trial date for the purpose of allowing appellant the time to obtain new counsel. Appended to the addendum was a faxed note from his physician in which the doctor stated that, due to his current medical conditions, Attorney Tonti was unable to travel or participate in "highly stressful" work, such as the trial of a case.
 {¶ 11} On May 16, 2005, appellant and her counsel failed to appear for the damages hearing. Therefore, on May 17, 2005, the trial court entered a judgment dismissing appellant's legal malpractice action, with prejudice. The court based its dismissal on the failure to appear and the fact that this was a re-filed case. In a separate order, the court treated Attorney Tonti's "addendum" as a motion for reconsideration and denied the same, finding, in essence, that the motion was untimely (The court did not receive the motion until "the Friday afternoon before a Monday morning trial date.") The court further denied the motion to vacate the trial date.
 {¶ 12} On June 13, 2005, appellant filed a motion for reconsideration of the denial of Attorney Tonti's motion to withdraw and the dismissal, with prejudice, of her legal malpractice action. Her arguments and supportive materials addressed only the issue of inability of Attorney Tonti to represent her on the assigned day of trial. On June 14, 2005, Attorney Tonti and John Gustafson filed affidavits stating the bases for their inability to represent appellant at the damages hearing. On June 15, 2005, the court overruled appellant's motion for reconsideration. On June 23, 2005, the trial court filed a written journal entry granting Attorney Miller's motion to withdraw as appellant's attorney of record.
 {¶ 13} Appellant timely appeals the trial court's judgment and asserts the following assignments of error:
 {¶ 14} "1. The trial court erred in overruling Dr. Tonti's May 5, 2005 motion for a two-month continuance so that she could retain new counsel following the withdrawal of her attorney [sic] Mr. Miller.
 {¶ 15} "2. The trial court erred in overruling attorney Patrick Tonti's May 5, 2005 motion to withdraw as counsel and vacate trial date.
 {¶ 16} "3. The trial court erred in overruling Patrick Tonti's May 13 motion for reconsideration of the May 12, 2005 order overruling his motion to withdraw as counsel and vacate trial date.
 {¶ 17} "4. The trial court erred in dismissing Dr. Tonti's case with prejudice.
 {¶ 18} "5. The trial court erred in overruling Dr. Tonti's June 9, 2005 motion for reconsideration of the May 17th dismissal."
 {¶ 19} Appellant first addresses her fourth assignment of error. In that assignment of error, appellant raises several issues. Initially, appellant contends that she did not receive proper notice of the potential dismissal of this cause, under Civ.R. 41(B)(1), because the trial court was required to notify her of the dismissal at the time of her default, specifically, at the time that she and/or her counsel failed to appear for the scheduled damages hearing on May 16, 2005.
 {¶ 20} Civ.R. 41(B)(1) provides that when a plaintiff "fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, upon notice to the plaintiff's counsel, dismiss an action or claim." The decision to dismiss a case pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court. Quonset Hut,Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46, 47. An abuse of discretion connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary, or unconscionable attitude on the part of the court. Pembaur v. Leis (1982), 1 Ohio St.3d 89,91 (citation omitted). Even though a heightened scrutiny is employed when reviewing a dismissal with prejudice, the action of the trial court will be affirmed when "`the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.'" Tokles Son, Inc.v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 632, quoting Schreiner v. Karson (1977), 52 Ohio App.2d 219, 223.
 {¶ 21} The notice requirement of Civ.R. 41(B)(1) applies to all dismissals with prejudice. Ohio Furniture Co. v. Mindala
(1986), 22 Ohio St.3d 99, 101. A party has notice of an impending dismissal with prejudice when she "has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." Quonset Hut, 80 Ohio St.3d at 49.
 {¶ 22} In the present case, the common pleas court notified appellant at the hearing held on April 28, 2005, of the possible dismissal, with prejudice, of her malpractice action if she failed to appear and to proceed to trial on May 16, 2005. Thus, appellant knew that she was required to appear on May 16, 2005, and was offered a reasonable opportunity to defend against the dismissal. Appellant responded by filing a motion to vacate the trial date, i.e., a motion for a continuance, and a motion for reconsideration.
 {¶ 23} We have reviewed those cases cited by appellant to support her position concerning notice and find that they are distinguishable from the case at bar because the courts in those cases dealt with the failure to provide any notice of the possibility of dismissal with prejudice, thereby depriving the aggrieved party of any opportunity to defend. See, e.g., Sazimav. Chalko (1999), 86 Ohio St.3d 151, 156; Logsdon v. Nichols
(1995), 72 Ohio St.3d 124, 129; Svoboda v. Brunswick (1983),6 Ohio St.3d 348, 350; Geico v. Financial Serv. Inc. v. VRR, Inc.
(1990), 69 Ohio App.3d 556, 559; Ford Motor Credit Co. v.Potts, (1986), 28 Ohio App.3d 94, 95; Metcalf v. Ohio StateUniv. Hosp. (1981), 2 Ohio App.3d 166; Sweeney v. Petro (May 18, 2000) 8th Dist. No. 75580. Accordingly, we conclude that Civ. R. 41(B)(1) does not afford appellant a second bite at the apple by requiring the court below to re-notify her of a potential dismissal with prejudice and to provide her with yet another opportunity to defend against said dismissal.
 {¶ 24} Appellant next asserts that the trial court could have and should have, within its discretion, dismissed this case without prejudice. Appellant supports these assertions with the following arguments: (1) because the trial court predicated its judgment, in part, on the fact that this was a re-filed case, it erroneously believed that it was required to dismiss the case before us with prejudice; (2) the dismissal was not warranted because appellees stipulated to liability; (3) dismissal with prejudice was not warranted by any conduct on the part of appellant or her attorneys; and (4) the trial court gave too much weight "to a non-existent interest on the part of" appellees to finality.
 {¶ 25} After receiving notice of the possible dismissal, with prejudice, and having the opportunity to respond, appellant never raised arguments (2), (3), or (4) in the court below. It is a cardinal rule of appellate review that a party cannot assert new legal arguments for the first time on appeal. Stores Realty Co.v. Cleveland (1975), 41 Ohio St.2d 41, 43. Therefore, those arguments which could have been, but were not, properly addressed to the trial court, are deemed waived. Id. Thus, we shall determine only whether the trial court abused its discretion in dismissing this cause, with prejudice, on the basis that appellants failed to appear and/or that this was a re-filed case.[2]
 {¶ 26} We acknowledge that a dismissal with prejudice is a harsh sanction for a failure to appear. Pembaur v. Leis,1 Ohio St.3d at 92. However, when a party voluntarily fails to appear at a hearing, a court does not act in an arbitrary, unconscionable, or unreasonable manner in dismissing the action for failure to prosecute. Id. Considering the facts of this case, particularly the age of this cause, the fact that appellees admitted liability, the fact that appellant only needed to show damages, and that appellant failed to address the potential dismissal with prejudice for failure to prosecute, we cannot say that the trial court's attitude in dismissing this case was an abuse of discretion. As to the fact that this was a re-filed case, there is nothing in the common pleas court's judgment to indicate that the court believed that it was required, in such an instance, to dismiss pursuant to Civ.R. 41(B)(1). In any event, the dismissal was correctly premised, in the alternative, on appellant's failure to appear and proceed with trial. Accordingly, appellant's fourth assignment of error is found not well-taken.
 {¶ 27} With regard to appellant's other four assignments of error, they all involve the trial court's denial of Attorney Tonti's motion to withdraw as appellant's counsel, appellant's motion for a continuance/vacation of the trial date, and Attorney Tonti's motions for reconsideration of his motion to withdraw. We conclude that our determination of the propriety of the trial court's Civ.R. 41(B)(1) dismissal of the case under consideration renders any opinion of this court concerning appellant's remaining assignments of error moot.
 {¶ 28} An opinion is moot when it is or has "`become fictitious, colorable, hypothetical, academic or dead. The distinguishing characteristic of such issues is that they involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations. * * *'" Grove Cityv. Clark, Franklin App. No. 01AP-1369, 2002-Ohio-4549, at ¶ 11, quoting Culver v. City of Warren (1948), 84 Ohio App. 373, 393. The courts of Ohio have long recognized that a court cannot entertain jurisdiction over such a question. James A. Keller,Inc. v. Flaherty (1991), 74 Ohio App.3d 788, 791. Since there is no longer any existing legal relations between appellant and appellees, our determination of appellant's remaining assignments of error would be purely academic. Consequently, we lack the jurisdiction to entertain the same.
 {¶ 29} On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Singer, P.J. Parish, J. cocnur.
[1] The federal district court lifted the stay so that the instant case could be decided.
[2] Re-filing was an express basis for the court's ruling and will therefore be addressed by this court.