[Cite as *United Ohio Ins. Co. v. Schaeffer*, 2014-Ohio-3854.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

United Ohio Insurance Company            Court of Appeals No. E-13-037

        Appellant            Trial Court No. 2012-CV-0426

v.

Donald R. Schaeffer, et al.            **DECISION AND JUDGMENT**

        Appellee            Decided:  September 5, 2014

* * * * *

Ronald A. Rispo, for appellant.

Gary E. Miesle, for appellee Donald R. Schaeffer.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, United Ohio Insurance Company ("United"), appeals the July 10, 2013 judgment of the Erie County Court of Common Pleas which granted appellee Donald R. Schaeffer's motion for summary judgment, denied appellant's motion for summary judgment, and declared that United had a duty to defend and indemnify its

insured for damages arising from the October 22, 2011 accident involving appellee's tractor. Because we find that the policy excluded coverage, we reverse.

{¶ 2} This declaratory judgment action commenced on June 7, 2012, with United's request that the court declare its rights and duties under its insurance policies with appellee. The request for declaratory judgment stemmed from an incident on October 22, 2011, when a tractor pulling three trailers full of people overturned and 28 were injured. The tractor at issue, a Case International MX190, was owned by appellee who loaned it to the Mason Jar for a hayride or "bar crawl" event. Appellee had loaned them a tractor for the event on multiple prior occasions. Mason Jar employee Mike Hermes operated the tractor. The complaint named appellee, Schaeffer, as well as the plaintiffs in the underlying personal injury lawsuits, which named Schaeffer as a defendant.

{¶ 3} On February 6, 2013, United filed its motion for summary judgment. In its motion, it first argued that there was no coverage for the tractor under the personal automobile liability policy as it was not a "covered auto." Next, under the primary farm owner's policy, United argued that the policy did not provide liability coverage for the entrustment of the vehicle by an insured. Further, the policy excluded coverage for motorized vehicles used for recreational purposes while away from the insured premises. Finally, because no provision of the policy covered the claim, the excess policy provided no coverage.

2.

{¶ 4} Appellee filed his response in opposition and cross-motion for summary judgment on March 15, 2013. Appellee argued that the tractor at issue was a motor vehicle as defined under the policy; it was equipped with various lights and signals for use on public roads and Schaeffer had, in fact, driven it on area roads on multiple occasions. Appellee further argued that because the tractor is a "motor vehicle" the exclusions which apply to "motorized vehicles" were not applicable. Appellee stressed that if the court found any of the policy language ambiguous, it should construe it in favor of coverage. Regarding the excess policy, appellee stated that if coverage was found under the primary policy, it must be found under the excess/catastrophic policy.

{¶ 5} On July 10, 2013, the trial court granted appellee's motion for summary judgment and denied appellant's motion for summary judgment. The court agreed that the claim was not covered under the auto policy. As to the farm policy, the court concluded that the tractor was a motorized vehicle. The court then determined that because the tractor "could" be used as a recreational vehicle, the recreational motor vehicle liability endorsement provided coverage. The court further concluded that because the farm policy provided coverage, the excess policy did as well. Finally, the court declared that appellant had a duty to defend and indemnify appellee for bodily injuries and damages arising from the October 22, 2011 operation and use of his tractor. This appeal followed.

3.

**{¶ 6}** Appellant now raises two assignments of error for our review:

Assignment of Error #1

The trial court erred prejudicially to the appellant when it granted summary judgment to Don Schaeffer and denied summary judgment to the appellant Ohio Mutual Insurance Co., thereby requiring Ohio Mutual to defend and indemnify Don Schaeffer in the underlying litigation under the liability coverage for Recreational Vehicles and the excess/umbrella policy as well.

Assignment of Error #2

The trial court erred prejudicially to the appellant when it found that the excess/umbrella policy also provided coverage for the same reasons as the primary Farm Owners policy.

**{¶ 7}** We first note that in reviewing a ruling on a motion for summary judgment, this court must apply the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.,* 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989). Summary judgment will be granted when there remains no genuine issue as to any material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Further, we review de novo all the evidence and arguments presented in appellant's motion for summary judgment and appellee's opposition.

4.

**{¶ 8}** At issue is whether the insurance policy provided coverage for the tractor at the time of the incident. "In Ohio, insurance contracts are construed as any other written contract." *Andray v. Elling,* 6th Dist. Lucas No. L-04-1150, 2005-Ohio-1026, ¶ 18, citing *Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd.*, 64 Ohio St.3d 657, 665, 597 N.E.2d 1096 (1992). If the language of the policy is clear and unambiguous, there are no issues of fact and interpretation is a matter of law. *Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc.*, 15 Ohio St.3d 321, 322, 474 N.E.2d 271 (1984), citing *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 374 N.E.2d 146 (1978). Conversely, policies that are "reasonably susceptible of more than one interpretation * * * will be construed strictly against the insurer and liberally in favor of the insured." *Lane v. Grange Mut. Cos.*, 45 Ohio St.3d 63, 65, 543 N.E.2d 488 (1989). Whether a policy is clear and unambiguous or requires interpretation is therefore a proper issue for summary judgment.

**{¶ 9}** In appellant's first assignment of error it contends that the trial court erred when it found an ambiguity in the policy's definition of a recreational vehicle. The recreational vehicle endorsement in the policy provides, in part:

> Personal Liability or Farm Personal Liability is extended to apply to damages for bodily injury or property damage for which an insured becomes legally responsible and Medical Payments to Others because of an accident arising out of:

5.

A. the ownership, operation, maintenance, use, loading, or unloading of a recreational motor vehicle;

B. the entrustment by an insured of a recreational motor vehicle to any person; * * *.

{¶ 10} "Recreational vehicle" is defined as:

A motorized land vehicle operated by you or any family member, designed for recreational use off public roads including, but not limited to, snowmobiles, tri-carts, all-terrain vehicles, similar motorized vehicles, and motorized kick scooters with an engine size under 30 cc's and does not exceed 25 miles per hour.

Recreational motor vehicle does not include motorcycles, motorbikes, trail motorcycles, dirt bikes, motor scooters, or mopeds. Recreational motor vehicle also does not include any vehicle subject to motor vehicle registration which is designated and equipped for use on public roads.

{¶ 11} We agree with United that the tractor at issue was not designed for recreational use. The term "designed" means the purpose for which the item was manufactured or "devise[d] for a specific function or end." Webster's Collegiate Dictionary 338 (2003). There is no dispute that the tractor was manufactured to be used in farming, not recreational activities.

{¶ 12} We further note that appellee's declarations page specifically listed coverage for one recreational vehicle which was described under the "Recreational Vehicles/Snowmobiles" property coverage page as "2004 Yamaha YFM660FTGR, 600 CC's."

{¶ 13} Finding that the tractor is a not a recreational vehicle we must now turn to United's chief argument in its summary judgment motion: that the tractor at issue was not an "insured vehicle," was properly categorized as a "motorized vehicle" and was excluded from coverage. The liability coverage provision of the policy provides the following definitions:

8. Motor Vehicle means a motorized vehicle, a trailer, or a semi-trailer, and all attached machinery or equipment, if:

a. it is subject to motor vehicle registration; or

b. it is designed for use on public roads.

9. Motorized Vehicle means a self-propelled land or amphibious vehicle regardless of method of surface contact. This includes parts and equipment.

This does not include vehicles that are designed and used to assist the handicapped and are not required to be licensed for road use.

{¶ 14} The parties have presented no evidence or arguments that the tractor at issue was subject to motor vehicle registration. United contends that the tractor is a

7.

motorized vehicle and coverage is excluded. The farm liability provisions provide, in relevant part:

Coverage L- Farm Personal Liability

We pay up to our limit, all sums for which an insured is legally liable because of bodily injury or property damage caused by an occurrence to which this coverage applies. We will defend a suit seeking damages if the suit resulted from bodily injury or property damage not excluded under this coverage. We may make investigations and settle claims or suits that we decide are appropriate. We do not have to provide a defense after we have paid an amount equal to our limit as a result of a judgment or written statement.

{¶ 15} The section captioned: "Exclusions that Apply to Coverages L and M" provides, in part:

We do not pay for a loss if one or more of the following excluded events apply to the loss, * * *. We do not pay for bodily injury or property damage which results directly or indirectly from:

[7]b. the entrustment by an insured of a motorized vehicle, recreational motor vehicle, or watercraft to any person; * * *.

{¶ 16} Appellee conversely argues that the tractor falls under the definition of a "motor vehicle" and is covered because it is designed for use on public roads. Specifically, it is equipped with lights, turn signals, seat belts, a horn, flashing lights, and

8.

a slow-moving vehicle sign. Appellee further asserts that he did, on several occasions, drive the tractor at issue on public roads in Erie County, Ohio, and that both parties contracted with the knowledge that appellee desired coverage for these activities. Appellee then contends that the exclusions relied upon by United apply only to motorized vehicles and are, thus, inapplicable.

{¶ 17} In support, appellee relies on a Wisconsin Supreme Court case which analyzed the issue of whether the insured's tractor was a covered motor vehicle or a motorized vehicle and excluded from coverage. *Olson v. Farrar*, 809 N.W.2d 1 (Wis.2012). In *Olson*, Olson enlisted Farrar to help him move a mobile home he had purchased. *Id.* at 222-223. The home was hitched to Farrar's tractor for the eight-mile journey. *Id.* at 223. The tractor stalled at the top of a hill causing the home to roll backwards and crash into Olson's vehicle. *Id.* Olson commenced an action against Farrar for damages.

{¶ 18} Thereafter, the insurer commenced a declaratory judgment action asking the court to determine that it owed no coverage based on exclusions for motor vehicles and for damage to property that is used by or in the care of an insured. *Id.* at 224. Relevantly, the circuit court determined that it was a "very close issue" but found that because the tractor was a motor vehicle there was no coverage under the policy. *Id.* The appellate court reversed finding that the insurer had not pointed to any undisputed facts showing that Farrar's tractor was "designed for use on public roads." *Id.* at 226.

9.

**{¶ 19}** The Wisconsin Supreme Court disagreed finding that because the policy's definition of a motor vehicle, specifically the "designed for use" clause in the policy could reasonably be interpreted to broadly mean any conceivable use, or narrowly interpreted to include only the particular purpose for which the vehicle was contrived. *Id.* at 239. The court opted to interpret the clause broadly in favor of the insured.

**{¶ 20}** Reviewing *Olson*, though we agree that clauses should be interpreted broadly to favor insureds, we further note that contract interpretation also requires that words and phrases be given their ordinary, common meanings. *See Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.*, 78 Ohio St.3d 353, 361, 678 N.E.2d 519 (1997). In our view, the fact that the tractor was equipped with safety features allowing its use on public roads does not alter its purpose as farm equipment. These features were installed because limited public road travel was anticipated in such instances as going from farm field to field. The tractor's slow speed and slow acceleration and stopping make it unsafe for extended road travel. Thus, we find that the tractor at issue was a motorized vehicle and subject to the exclusions which apply to sections L and M as set forth above. Liability coverage is excluded for entrustment of a motorized vehicle by any insured to any person. At the time of the incident, the tractor was being operated by Mason Jar employee Mike Hermes.

**{¶ 21}** Based on the foregoing, we find that the policy did not provide liability coverage under the recreational use endorsement and it is precluded under the motorized vehicle coverage exclusions. Appellant's first assignment of error is well-taken.

10.

{¶ 22} Appellant's second assignment of error contends that the court erred when it summarily concluded that the excess/umbrella policy provided coverage based on the same reasons that the primary farm policy provided coverage. Based on our disposition of appellant's first assignment of error, we find that appellant's second assignment of error is well-taken.

{¶ 23} On consideration whereof, we reverse the July 10, 2013 judgment of the Erie County Court of Common Pleas. Because we find that there are no genuine issues of material fact and that the policy excludes coverage, summary judgment is hereby entered in favor of United. Pursuant to App.R. 24, costs of this proceeding are assessed to appellee.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J. _____

_____
JUDGE
Arlene Singer, J. _____

Stephen A. Yarbrough, P.J. _____          _____
CONCUR.                                                                     JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.