[Cite as *Murray v. Auto-Owners Ins. Co.*, 2015-Ohio-3295.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

| | |
|---|---|
| James T. Murray, Trustee | Court of Appeals No. E-14-107 |
| Appellant | Trial Court No. 2012-CV-0859 |
| v. | |
| Auto-Owners Insurance Company | **DECISION AND JUDGMENT** |
| Appellee | Decided: August 14, 2015 |

* * * * *

James T. Murray, pro se.

Robert J. Bahret and Andrew J. Ayers, for appellee.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} James T. Murray, Trustee, appeals a July 30, 2014 judgment of the Erie

County Court of Common Pleas granting the motion for summary judgment of Auto-

Owners Insurance Company ("Auto-Owners"), appellee, on all claims asserted by

appellant against it. The dispute relates to claims against Auto-Owners under an

insurance policy issued by it insuring a single family home owned by appellant.  The insured property is located at 1119 Laguna Drive, Huron, Ohio ("premises").

{¶ 2} The parties filed cross-motions for summary judgment.  Appellant filed a partial motion for summary judgment with the filing of his complaint on November 20, 2012.  Auto-Owners filed its motion for summary judgment on May 8, 2013.  Affidavits of appellant and of his wife, Shirley A. Murray, were filed with respect to the motions and state that appellant purchased the Laguna Drive premises on or about April 29, 2010, and secured insurance coverage with Auto-Owners on the premises at that time.  Richard Doughty and Amy Doughty occupied the property under a land contract with appellant beginning in May 2010.  On or about November 6, 2011, the Doughtys advised that they had decided to abandon their interest under the land contract and were vacating the premises.  Appellant took possession of the premises at that time.

{¶ 3} Appellant and his spouse state by affidavits executed on November 20, 2012, that upon taking possession they observed water leaking into the basement at the northern part of the basement wall.  In his second affidavit (executed on April 29, 2014), appellant stated that it was "obvious" that water intrusion "had been ongoing for some considerable period of time prior to the occupants vacating the home."  He stated further "[t]his was obvious because the walls around the area where the water was intruding had delaminated or otherwise curled up."  Appellant has contended that the water damage resulted from a broken drainage tile that permitted water seepage into the basement of the building.

2.

**{¶ 4}** In her affidavit, Shirley Murray stated that she hired an excavator to remedy the water leakage into the basement and that with repairs to the tiling, "the water problem was completely resolved."

**{¶ 5}** Appellant filed the affidavit of the excavator, Kevon Aldridge, with the court on April 29, 2014, accompanying his brief opposing Auto-Owners' motion for summary judgment. Aldridge testified in his affidavit that he has extensive knowledge regarding drainage equipment beginning with his work as a maintenance supervisor at Restlawn Memorial Park from 1985 until 1999. He described the work at Restlawn as involving installing, maintaining, and cleaning out underground pipes. Aldridge stated further that he started his own business, A and N Excavating, in 1998, and acts as a general contractor "with respect to all aspects of foundation work, repairs, concrete work, drainage problems and such."

**{¶ 6}** In his affidavit, Aldridge states that his company was engaged "to rectify water infiltrating into the basement foundation" at the Laguna Drive premises and "excavated the outside of the north side of the foundation down to the footer tile." He "discovered that the tile was broken and full of mud. The mud was isolated to the location where the fracture had occurred." He determined that the remainder of the footer tile was clean.

**{¶ 7}** Aldridge also testified in his affidavit as to the likely cause of the tile fracture:

3.

With respect to the cause of the fracture, Affiant states that it would be impossible for anyone to speak in terms of absolute certainty as to what caused this fracture. However, the most likely causes would include: (a) a defective pipe from the manufacturer, (b) inadequate installation at the time the house was built, (c) the use of heavy equipment on the location where the fracture occurred. With respect to the issue of inadequate installation, my observations suggested that more stone could have been used at the time of installation. With respect to the use of heavy equipment, there was a crack in the foundation at the very location where the fractured pipe was located. This fracture could also have been caused by the utilization of heavy equipment. One cannot rule out that heavy equipment was improperly used at the time of installation which might have compromised the integrity of the pipe which then fractured at a later date or became a larger fracture as time went on.

{¶ 8} Aldridge also stated in his affidavit that "it did appear that the water intrusion into the basement was a result of the tiling having fractured."

{¶ 9} Appellant does not claim to have conducted heavy equipment operations on the property during the period before the Doughtys vacated the premises. Rather appellant testified by affidavit that he was an "owner out of possession during the approximately year and a half that the Doughty's occupied the premises." Further

appellant states in his affidavits that he first learned of water conditions in the basement only upon the Doughtys vacating the premises.

{¶ 10} The trial court granted the motion for summary judgment of Auto-Owners on multiple grounds. The court found that the Kevon Aldridge affidavit "demonstrates that the loss, resulting from damage to drainage tile around Plaintiff's property, had to have occurred before Plaintiff owned the property"—before issuance of the insurance policy. The court reasoned insurance coverage for appellant's claims is lacking because coverage under the policy is limited to losses occurring during the policy period set forth in the policy declarations.

{¶ 11} Additionally, the court determined that exclusion 3(d) to claims under coverages A, (dwelling), B (other structures) and C (personal property) at page six of the policy applies to exclude claims based upon water intrusion into the basement:

> **EXCLUSIONS**
>
> **COVERAGE A – DWELLING, COVERAGE B – OTHER STRUCTURES and COVERAGE C – PERSONAL PROPERTY.**
>
> **We** do not cover loss to covered property caused directly or indirectly by any of the following, whether or not any other cause or event contributes concurrently or in any sequence to the loss:
>
> * * *
>
> 3. Water damage, meaning:
>
> * * *

d. water below the surface of the ground.  This includes water which exerts pressure on or flows, seeps or leaks through any part of a building, sidewalk, driveway, swimming pool or other structure.

{¶ 12} The trial court concluded in its judgment:  "It is undisputed that Plaintiff's loss resulted from leaking though the foundation of the property below ground.  Therefore, Defendant's policy excludes the loss from coverage as a water loss.

{¶ 13} The court's next ruling on summary judgment concerned application of exclusion 3e and 4a under coverages A and B:

**COVERAGE A – DWELLING and COVERAGE B – OTHER STRUCTURES**

Except as to ensuing loss not otherwise excluded, we do not cover loss resulting directly or indirectly from:

* * *

3.  Faulty, inadequate or defective:

* * *

e.  maintenance;

of a part or all of the described premises or any other property.

{¶ 14} In its judgment, the trial court concluded:  "the Court finds that the evidence before it demonstrates that the loss alleged by Plaintiff occurred as a result of Plaintiff's failure to discover the damaged tile when he purchased the property and repair it to properly maintain the property."  The court explained further:

6.

Plaintiff's loss, as described by the affidavit of Kevon Aldridge, resulted from a damaged drain tile in existence as [sic] the time Plaintiff purchased the property. Proper maintenance would have resulted in repair of the drainage tile. Defendant's policy excludes damages resulting from the failure to maintain insured property.

{¶ 15} Accordingly, the trial court held "reasonable minds can only conclude that the loss claimed by Plaintiff occurred prior to Defendant's policy being issued and, regardless, the resulting damage is excluded from coverage under Defendant's policy."

## Assignments of Error

{¶ 16} Appellant asserts six assignments of error on appeal:

1. Where the insurance company admitted that a failed tiling system was covered as equipment servicing the premises, it was error to nonetheless deny recovery under an exclusionary clause that excepted coverage for lack of adequate maintenance or wear and tear.

2. The trial court erred in summarily ruling that all of the ensuing water damage from the fractured tiling was not covered where the only factual testimony supported Plaintiff/Appellant's contention that some of the water damage was caused by the malicious conduct of the occupant/owner of the property.

3. The trial court erred in granting summary judgment to Defendant/Appellee without addressing extensively documented claims for losses

caused by the occupant/owner that were wholly unrelated to the failed tiling and/or the ensuing water damage.

4. The trial court erred in summarily finding that damage had occurred to the tiling system at some remote time prior to the issuance of the policy and based on that finding the loss that occurred after issuance of the policy was not a covered loss.

5. The trial court erred in its denial of a motion to strike affidavits that were filed in support of Defendant/Appellee's motion for summary judgment where the affidavits were not based on any personal knowledge as required by Ohio Civil Rule 56.

6. The trial court erred in accepting a wholly new argument for denial of coverage that had never been asserted by Defendant/Appellee until it filed its reply brief and had never been pleaded as an affirmative defense.

## Summary Judgment

{¶ 17} The standard of review on motions for summary judgment is de novo; that is, an appellate court applies the same standard in determining whether summary judgment should be granted as the trial court. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶ 18} Under Civ.R. 56, to prevail on a motion for summary judgment the moving party must demonstrate:

8.

(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.  *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 19} The party moving for summary judgment bears the burden of showing that no genuine issue of material fact exists.  *Dresher v. Burt*, 75 Ohio St.3d 280, 294, 662 N.E.2d 264 (1996); *Harless* at 66.  "[I]f the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden" under Civ.R. 56(E).  *Dresher* at 293.  That burden is to set forth "specific facts" showing that there is a genuine issue of fact for trial.  *Id.*; Civ.R. 56(E).

{¶ 20} When addressing whether an insurance policy provides coverage for a claim,

[w]e examine the insurance contract as a whole and presume that the intent of the parties is reflected in the language used in the policy.  *Kelly v. Med. Life Ins. Co.* (1987), 31 Ohio St.3d 130, 31 OBR 289, 509 N.E.2d 411, paragraph one of the syllabus. We look to the plain and ordinary meaning of the language used in the policy unless another meaning is clearly apparent from the contents of the policy.  *Alexander v. Buckeye Pipe Line*

*Co.* (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146, paragraph two of the syllabus. *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 11.

{¶ 21} Where "the language of the policy is clear and unambiguous, there are no issues of fact and interpretation is a matter of law." *United Ohio Ins. Co. v. Schaeffer*, 2014-Ohio-3854, 18 N.E.3d 863, ¶ 8 (6th Dist.); *Andray v. Elling*, 6th Dist. Lucas No. L-04-1150, 2005-Ohio-1026, ¶ 18. "[A] contract is unambiguous if it can be given a definite legal meaning." *Galatis* at ¶ 11.

{¶ 22} "Conversely, policies that are 'reasonably susceptible of more than one interpretation * * * will be construed strictly against the insurer and liberally in favor of the insured.' *Lane v. Grange Mut. Cos.,* 45 Ohio St.3d 63, 65, 543 N.E.2d 488 (1989)." *Schaeffer* at ¶ 8.

## Consideration of New Ground for Summary Judgment
## Raised in Reply Brief

{¶ 23} We address appellant's assignments of error out of turn. Under assignment of error No. 6, appellant contends that the trial court erred in permitting Auto-Owners to argue a new ground for summary judgment in its reply brief that was filed on May 12, 2014. In the reply brief, Auto-Owners argued for the first time that the Aldridge affidavit, filed by appellant with the court on April 29, 2014, demonstrated that the damage to the drainage tile that caused underground water seepage into the basement

10.

occurred prior to appellant's purchase of the premises and, therefore, the loss did not occur within the policy period set forth in the declarations.

{¶ 24} Appellant contends that the trial court erred by permitting the new ground for summary judgment to be raised in a reply brief. Appellant contends that the new ground should not have been considered because it was raised in a reply brief. Additionally, he contends that the new ground was barred because Auto-Owners failed to raise the issue as an affirmative defense. Appellant raised neither of these objections in the trial court.

{¶ 25} The arguments raised by Auto-Owners in its reply brief were based on evidence in the record on the motion for summary judgment. Appellant, not Auto-Owners, filed the Aldridge affidavit. Auto-Owners raised the new argument on the new evidence 13 days after appellant filed the affidavit with the court. Appellant had an opportunity to raise his objections to consideration of the new ground in the trial court. The trial court did not issue its judgment on the Auto-Owners' motion for summary judgment until July 30, 2014, more than three months later.

{¶ 26} "It is a cardinal rule of appellate review that a party cannot assert new legal arguments for the first time on appeal. *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 43." *Tonti v. Hayes*, 6th Dist. Lucas No. L-05-1202, 2006-Ohio-2229, ¶ 25; *see Newcomer v. Natl. City Bank*, 2014-Ohio-3619, 19 N.E.3d 492, ¶ 34 (6th Dist.).

{¶ 27} Even were these issues preserved for appeal, appellant has demonstrated no prejudice suffered by consideration of the new ground asserted in the trial brief.

11.

Furthermore, a claim that a loss did not occur within the policy period is not an affirmative defense to an insurance claim.

{¶ 28} "One who seeks to recover on an insurance policy generally has the burden of demonstrating coverage under the policy and then proving a loss. *Inland Rivers Service Corp. v. Hartford Fire Ins. Co.* (1981), 66 Ohio St.2d 32, 20 O.O.3d 20, 418 N.E.2d 1381." *Chicago Title Ins. Co. v. Huntington Natl. Bank*, 87 Ohio St.3d 270, 273, 719 N.E.2d 955 (1999). The "Insuring Agreement" set forth at page 1 on the Auto-Owners' policy provides: "[t]his policy applies to losses which occur during the policy term shown in the Declarations."

{¶ 29} The Auto-Owners' insuring agreement sets forth the coverage grant in the policy. Proof that a loss occurred during the policy term is an element of appellant's claim for recovery for which appellant bears the burden of proof. Proof that a loss did not occur within the policy period is not an affirmative defense.

{¶ 30} We find assignment of error No. 6 not well-taken.

{¶ 31} Under assignment of error No. 4, appellant argues that the trial court erred in granting summary judgment on the basis (1) that damage to the drainage tile occurred prior to the policy period as set forth in the declarations and (2) that subsequent losses during the policy period caused by the tile damage was excluded because of faulty, inadequate or defective maintenance under exclusion 3e, coverage A (dwelling) and coverage B (other structures).

12.

{¶ 32} In part, appellant reargues that the trial court erred in considering issues raised for the first time in the reply brief. We find the argument to be without merit for the reasons set forth in our consideration of assignment of error No. 6.

{¶ 33} Appellant next argues that the Aldridge affidavit was inadequate to support the grant of summary judgment in this case. Auto-Owners argues that the trial court properly granted it summary judgment on the issue.

{¶ 34} Aldridge testified at paragraph No. 1 of his affidavit of his work experience with tiling and his "extensive knowledge regarding drainage equipment." He performed the repair to the drainage system requested by appellant, excavating "the outside north side of the foundation down to the footer tile." Upon excavation, he "discovered that the tile was broken and full of mud" that was "isolated to the location where the fracture had occurred."

{¶ 35} Based upon his knowledge and experience and his excavation and inspection of the broken tile in this case, he testified as to his professional opinion as to the likely cause of the tile fracture. Aldridge acknowledged that "it would be impossible for anyone to speak in terms of absolute certainty as to what caused this fracture." He did testify, however, as to the most likely cause of the fracture.

{¶ 36} The most likely causes included: "(a) a defective pipe from the manufacturer, (b) inadequate installation at the time the house was built, [and] (c) the use of heavy equipment on the location where the fracture occurred." Both (a) and (b) by

13.

their nature do not involve damage to the tile occurring after appellant purchased the property.

{¶ 37} With respect to the third likely cause, the evidence in the record demonstrated that appellant, the owner of the premises, was out of possession of the property after purchase and did not use heavy equipment on the location after acquisition of the property. Appellant testified that he first learned of the water seepage in the basement upon inspection after the Doughtys had vacated the premises in November 2012. From what appellant saw at that time, he testified by affidavit that it was "obvious" that water intrusion "had been ongoing for some considerable period of time prior to the occupants vacating the home."

{¶ 38} Neither the Shirley Murray affidavit nor the two affidavits of appellant that were filed with the court stated the condition of the basement at or about the time appellant purchased the property.

{¶ 39} We have reviewed the evidence in the record and after construing the evidence most favorably to appellant conclude that Auto-Owners met its initial burden of demonstrating that there is no genuine issue of fact and that reasonable minds can come to but one conclusion, that damage to the drainage tile that caused water leakage into the basement of the premises occurred prior to appellant's purchase of the premises. We also conclude that appellant failed to meet his reciprocal burden under Civ.R. 56(E) of presenting evidence setting forth specific facts showing there is a genuine issue of fact on the issue for trial.

14.

{¶ 40} Accordingly, we conclude that the trial court did not err in granting Auto-Owners' motion for summary judgment on claims arising from damage to the drainage tile at the premises based upon the fact that the tile damage occurred prior to appellant's purchase of the property and not within the policy period of the Auto-Owners' insurance policy.

{¶ 41} Shirley Murray testified by affidavit that after the repairs conducted by Kevon Aldridge to the drainage tile at the premises, "the water problem was completely resolved." The record demonstrates that the repairs involved excavation to the outside north side of the foundation down to the footer tile, replacing broken tile, and jetting of the rest of the tile, thereby cleaning the rest of the tile.

{¶ 42} Construing the evidence most favorably to appellant, we conclude that Auto-Owners demonstrated that there is no genuine issue of material fact and reasonable minds can only conclude that any continuing water leakage due to the broken drainage tile at the premises after appellant acquired the property was due to the failure of appellant to discover the damaged tile when he purchased the property and repair it to properly maintain the property. Proper maintenance would have resulted in repair of the damaged tile.

{¶ 43} We conclude that appellant failed to meet his reciprocal burden of presenting evidence on the motion for summary judgment setting forth specific facts demonstrating a genuine issue of fact for trial on the fact that proper maintenance would have resulted in the repair to the damage to the drainage tile and completely resolved the

15.

water leakage problems in the basement. Accordingly, the trial court did not err in granting summary judgment in favor of Auto-Owners and against appellant on the ground that claims based upon tile damage are barred from coverage under an exclusion for losses resulting from faulty, inadequate, and defective maintenance.

{¶ 44} We find assignment of error No. 4 not well-taken.

{¶ 45} Assignment of error No. 1 concerns appellant's claims arising from damage to the drainage tile. Appellant argues that the trial court erred in granting appellant summary judgment on appellant's claims based upon damage to the tile. We conclude that assignment of error is moot based upon our resolution of assignment of error No. 4. In our consideration of assignment of error No. 4, we determined that the trial court did not err in granting summary judgment on tile damage claims based upon the determination that damage to the tile did not occur within the policy period set forth in the declarations.

{¶ 46} Accordingly, we find assignment of error No. 1 not well-taken.

{¶ 47} Under assignment of error No. 2, appellant contends that the trial court erred in granting summary judgment on all claims arising from water leakage to the basement from the fractured tile. In its judgment, the trial court ruled that water intrusion claims for water seepage into the basement were excluded under the policy's exclusion for loss caused by water damage from water below the surface of the ground. Exclusion 3d to coverages A, B, and C.

16.

{¶ 48} Appellant argues the water loss was caused in part by malicious conduct of the occupants for failure to advise appellant of on-going water problems. Appellant asserts that coverage remains for the water seepage claims where repair was delayed because of the occupants' failure to notify appellant of the water conditions on the property. Appellant contends that summary judgment was premature because of a need to calculate what portion of the water loss is attributable to the conduct of the occupants to permit recovery for that portion of the water loss.

{¶ 49} Auto-Owners argues that the trial court was correct in ruling that all water damage from the fractured tiling was excluded from coverage under the policy.

{¶ 50} The policy is clear and unambiguous in excluding coverage for damage from subsurface water seepage on all claims whether under coverage A (property protection for the dwelling), B (property protection for other structures), or C (property protection for personal property). Accordingly, water damage from the subsurface water seepage is not a covered claim under any policy coverage.

{¶ 51} A listing of covered perils under coverage C – personal property is provided at page 5 of the policy. Item numbered 8 in the listing is the peril "Vandalism or malicious mischief." However, under the clear terms of the policy, the subsurface water exclusion applies to exclude recovery for subsurface water damage in such claims.

{¶ 52} The coverage grant for such coverage under coverage C – personal property specifically provides:

17.

**Coverage C – Personal Property**

We cover risk of accidental direct physical loss to covered property described under Coverage C caused by any of the following perils *except for losses excluded elsewhere in this policy*.  (Emphasis added.)

{¶ 53} As coverage is specifically excluded for subsurface water damage on coverages A, B, and C, no coverage exists for subsurface water damage caused by vandalism or malicious mischief under coverage C.

{¶ 54} We find assignment of error No. 2 not well-taken.

{¶ 55} Under assignment of error no. 3, appellant contends that the trial court erred in granting summary judgment in favor of Auto-Owners on all claims because appellant has asserted claims arising from the behavior of the occupants "wholly unrelated to the failed tiling and/or the ensuing water damage."  Appellant states that the claims relate to behavior of the occupants that was "mischievous in nature."  Appellant cites paragraph No. 6 of the complaint as raising the claims.

{¶ 56} A review of paragraph No. 6 of the complaint discloses that the alleged claims based upon "mischievous" conduct of the occupants are not all limited to claims wholly unrelated to the failed tiling and/or the ensuing water damage.  In paragraph No. 6 of the complaint, appellant alleges that the conduct of the occupant caused water intrusion damage due to the occupants "failure to advise Plaintiff that water had been entering the basement and or failing to take any preventative measures to mitigate the damage caused by the water."  As set forth under our consideration of assignment of error

No. 2, however, claims for subsurface water damage seepage into the basement are excluded on coverages A, B, and C, including vandalism and "malicious mischief" claims under coverage C.

{¶ 57} The final sentence of paragraph No. 6 of the complaint alleges: "The behavior of the occupant caused other damages to the premises other than water damage and such behavior was mischievous in nature." Briefing on summary judgment included discussion of the existence of claims arising from claimed removal of a perimeter chain link fence for the backyard and for removal of all the knobs of a range, where, due to the age of the appliance, replacement knobs are unavailable.

{¶ 58} We find assignment of error No. 3 well-taken, in part. We reverse the trial court's judgment in part to provide that appellant's claims arising from the conduct of the occupants wholly unrelated to the damaged tiling and/or water damage remain to be adjudicated, and remand this case to the trial court for further proceedings to consider those claims. The trial court is directed, however, that on remand such claims provide no right of recovery for damages occasioned directly or indirectly from damage to the drainage tile or from subsurface water damage.

{¶ 59} Under assignment of error No. 5, appellant argues that the trial court erred when it denied appellant's motions to strike the affidavits of Jim Kuhlman and Brett Warnecke that were submitted in support of Auto-Owners' motion for summary judgment. Kuhlman is the claims manager with Auto-Owners with supervisory

19.

responsibility on appellant's claim. Warnecke is a claims representative for Auto-Owners who worked on the claim. Kuhlman is Warnecke's supervisor.

{¶ 60} Appellant contends that both affidavits failed to meet the requirement under Civ.R. 56(E) that "[s]upporting and opposing affidavits shall be made on personal knowledge."

{¶ 61} "[T]he admission of evidence lies within the broad discretion of the trial court, and a reviewing court should not disturb evidentiary decisions in the absence of an abuse of discretion that has created material prejudice." *State v. Conway,* 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 62, citing *State v. Issa,* 93 Ohio St.3d 49, 64, 752 N.E.2d 904 (2001).

{¶ 62} We review the grant or denial of a motion to strike an affidavit under Civ.R. 56(E) on an abuse of discretion standard. *Pickens v. Kroger Co.*, 10th Dist. Franklin No. 14AP-215, 2014-Ohio-4825, ¶ 9; *Churchill v. Gen. Motors Corp.*, 12th Dist. Butler No. CA2002-10-263, 2003-Ohio-4001, ¶ 9.

{¶ 63} In the motions to strike, appellant challenged the Warnecke affidavit on the sole ground that it was based upon hearsay statements concerning a fractured pipe and information gained from persons who repaired the pipe. With respect to the Kuhlman affidavit, appellant contends that Kuhlman lacks personal knowledge of material contained in the affidavit based upon claim representative Warnecke's investigation.

{¶ 64} Our review of the affidavits discloses that appellant's objections to the Kuhlman and Warnecke affidavits do not relate to evidence on which the motion for

20.

summary judgment was granted. The trial court relied on the affidavit of Kevon Aldridge with respect to evidence relating to the excavation, inspection, and repair of the drainage.

{¶ 65} As neither the Kuhlman nor Warnecke affidavit, outside of providing uncontested copies of the Auto-Owners insurance policy, provided a basis for the motion for summary judgment, we cannot find that the trial court abused its discretion in denying the motions to strike.

{¶ 66} We find assignment of error No. 3 not well-taken.

{¶ 67} We affirm the judgment of the Erie County Court of Common Pleas, in part, and reverse it, in part. We reverse the judgment and remand this action to the trial court for further proceedings on appellant's claims arising from the conduct of the occupants of the premises that are wholly unrelated to the damaged drainage tile and/or the ensuing water damage to the premises. The trial court is instructed that in proceedings on remand there is no right to recovery on these claims for damages occasioned directly or indirectly from the damage to the drainage tile or from subsurface water damage caused by damage to the tile. In all other respects, the trial court judgment is affirmed. Pursuant to App.R. 24, costs of this appeal are to be shared by the parties equally.

Judgment affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Stephen A. Yarbrough, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.